IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20899
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

HOYT SHAW,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-123-1
--------------------

September 16, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges:

PER CURIAM:[*]

Hoyt Shaw appeals his conviction and sentence for conspiracy to reset or alter motor vehicle odometers and to transport in interstate commerce falsely made, forged, altered or counterfeited securities; resetting or altering motor vehicle odometers; transporting falsely made, forged, altered or counterfeited securities in interstate commerce; and aiding and abetting.

Shaw argues that the district court improperly withdrew from the jury its function of finding beyond a reasonable doubt an

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

essential element of the crime with which he was charged by instructing the jury that a motor vehicle title, as used in 18 U.S.C. § 2314, is a security as a matter of law. As the statutory definition of a security expressly includes a motor vehicle title, the court did not err by so instructing the jury. See 18 U.S.C. § 2311; United States v. Johnson, 718 F.2d 1317, 1323-25 & n.13 (5th Cir. 1983)(en banc). Any error by the trial court in failing to submit to the jury the issue of whether the documents were in fact motor vehicle titles was harmless because nothing in the record indicates that the jury would have been able to conclude that the documents were not motor vehicle titles. Neder v. United States, 119 S. Ct. 1827, 1839 (1999).

Shaw argues that the evidence is insufficient to support a finding that he transported falsely made, forged, altered or counterfeit securities in interstate commerce because the motor vehicle titles were altered after they were brought across the Texas state line. Shaw's argument is without merit. A reasonable jury could have found that the movement of the certificates of title in Texas was a "continuation of the movement that began out of state." See McElroy v. United States, 455 U.S. 642, 653-54 (1982).

Shaw argues that the trial court erred by allowing the Government to cross examine him regarding his knowledge of his coconspirator Joyce Polasek's reputation for altering titles. He contends that the Government elicited his testimony in an attempt to prove his guilt by association. The trial court did not err in admitting Shaw's testimony, which was relevant and was

not unduly prejudicial.  See <u>United States v. Polasek</u>, 162 F.3d 878, 883 (5th Cir. 1998).

Shaw argues that the trial court erred by enhancing his base offense level two levels pursuant to § 3B1.1(c) because he acted as a supervisor of criminal activity by recruiting Johnson to roll back odometers and by instructing Johnson how far the odometers should be rolled back.  Shaw has not shown error.  See <u>United States v. Whitlow</u>, 979 F.2d 1008, 1011 (5th Cir. 1992)(upholding an enhancement pursuant to § 3B1.1 because the defendant directed the activities of odometer "spinners"); <u>United States v. Giraldo</u>, 111 F.3d 21, 24-25 (5th Cir.)(upholding an enhancement pursuant to § 3B1.1 based on the defendant's recruitment of accomplices), <u>cert. denied</u>, 118 S. Ct. 322 (1997).

Shaw argues that the trial court erred by allowing the Government to present the testimony of his coconspirators which was obtained in exchange for promises of leniency, in violation of 18 U.S.C. § 201(c)(2).  Shaw's argument is foreclosed by this court's decision in <u>United States v. Haese</u>, 162 F.3d 359, 366-68 (5th Cir. 1998), <u>cert denied</u>, 119 S. Ct. 1795 (1999).

AFFIRMED.